UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL WILLIAMS,            Case No.:

    Plaintiff,

v.

NORTHGATE LINCOLN MERCURY, INC. and
SUNCOAST SCHOOLS FEDERAL CREDIT UNION,

    Defendants.
_____/

## COMPLAINT

### COUNT I - Northgate Lincoln-Mercury, Inc.

PLAINTIFF, MICHAEL EDWARDS, sues defendant, NORTHGATE LINCOLN-MERCURY, INC., ("Northgate"), and alleges:

1. This is an action for compensatory, statutory, and punitive damages brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq., §1681b, §1681n, §1681o, (FCRA).

2. At all times material hereto plaintiff was a consumer as defined in 15 U.S.C. §1602(h), Reg. Z at 12 C.F.R. §226.2(11), and 15 U.S.C. §1681.

3. At all times material hereto Northgate was a motor vehicle dealer located at 10505 North Florida Avenue, Tampa, Hillsborough County, Florida.

4. Plaintiff has never attempted to purchase anything from Northgate, and has never authorized Northgate to access his consumer report as defined in 15 U.S.C. §1681a(d).

5. According to the inquiry section of plaintiff's Equifax report of December, 2008, Northgate accessed plaintiff's consumer report on August 8, 2007. (Attached hereto.)

- 1 -

6. In accessing plaintiff's consumer report without his authorization Northgate violated the FCRA at §1681b(a), and §1681n(a)(1)(B).

7. Northgate's failure to comply with the FCRA was negligent as contemplated in 15 U.S.C. §1681o as a result of which plaintiff has sustained actual damages, plus costs and attorney's fees.

8. In the alternative, Northgate's failure to comply with the FCRA was willful and Northgate is liable for actual damages sustained plus statutory damages of at least $100 and not more than $1,000, plus an amount of punitive damages as the court may allow, plus costs and attorney's fees.

9. Plaintiff has retained the services of the undersigned attorney who is entitled to a reasonable fee upon prevailing.

WHEREFORE plaintiff requests the following relief:

a. Judgment against Northgate in an amount equal to any actual damages sustained; or

b. Judgment against Northgate for willful violation in an amount equal to any actual damages sustained, plus damages of not less than $100 and not more than $1,000, plus punitive damages (as Northgate effectively violated §1681q).

c. Award plaintiff his costs and reasonable attorney's fees.

**COUNT II - Suncoast Schools Federal Credit Union**

PLAINTIFF, MICHAEL WILLIAMS, sues defendant, SUNCOAST SCHOOLS FEDERAL CREDIT UNION ("Suncoast"), and alleges:

10. This is an action for compensatory, statutory, and punitive damages brought pursuant

to the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq., §1681b, §1681n, §1681o, (FCRA).

11. At all times material hereto plaintiff was a consumer as defined in 15 U.S.C. §1602(h), Reg. Z at 12 C.F.R. §226.2(11), and 15 U.S.C. §1681.

12. At all times material hereto Suncoast was a credit union located at 8601 East Hillsborough Avenue, Tampa, Hillsborough County, Florida.

13. Plaintiff has never visited Suncoast, has never spoken with Suncoast, has never attempted to purchase anything from Suncoast, and has never authorized Suncoast to access his consumer report as defined in 15 U.S.C. §1681a(d).

14. According to the inquiry section of plaintiff's Equifax report of December 2008, Suncoast accessed plaintiff's consumer report on August 8, 2007. (Copy attached.)

15. In accessing plaintiff's consumer report without his authorization Suncoast violated the FCRA at §1681b(a), and §1681n(a)(1)(B).

16. Suncoast's failure to comply with the FCRA was negligent as contemplated in 15 U.S.C. §1681o as a result of which plaintiff has sustained actual damages, plus costs and attorney's fees.

17. In the alternative, Suncoast's failure to comply with the FCRA was willful and Suncoast is liable for actual damages sustained plus statutory damages of at least $100 and not more than $1,000, plus an amount of punitive damages as the court may allow, plus costs and attorney's fees.

18. Plaintiff has retained the services of the undersigned attorney who is entitled to a reasonable fee upon prevailing.

WHEREFORE plaintiff requests the following relief:

      a.      Judgment against Suncoast in an amount equal to any actual damages sustained; or

      b.      Judgment against Suncoast for willful violation in an amount equal to any actual damages sustained, plus damages of not less than $100 and not more than $1,000, plus punitive damages (as Suncoast effectively violated §1681q).

      c.      Award plaintiff his costs and reasonable attorney's fees.

_/s/ Raymond G. Ingalsbe_
Raymond G. Ingalsbe (Fla. Bar No.: 219241)
E-mail: RGIngalsbe@aol.com
RAYMOND G. INGALSBE, P.A.
4400 PGA Boulevard, Suite 800
Palm Beach Gardens, FL 33410
Telephone: (561) 775-3505
Facsimile: (561) 624-3533
Attorney for Plaintiff Edwards